# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **BYRON CALLAHAN JR.,** § § § | |
| *Plaintiff,* § | Civil Action No. __6:22-cv-01191__ |
| § § | |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **G4S SECURE SOLUTIONS USA INC.** § § | |
| *Defendant.* § § § § | |

## ORIGINAL COMPLAINT

Plaintiff Byron Callahan Jr. ("Callahan") brings this action against G4S Secure Solutions USA Inc. ("G4S") to recover compensation, liquidated damages, attorneys' fees and costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This lawsuit is brought to recover unpaid overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. G4S provides security services for its business clients globally.

3. Plaintiff Callahan worked for G4S as a non-exempt security guard and was responsible for patrolling and maintaining the security of the nuclear power plant where he worked.

4. Plaintiff Callahan routinely worked in excess of forty (40) hours per workweek.

5. During the relevant time period, G4S knowingly and deliberately failed to compensate Plaintiff Callahan overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

6. Specifically, G4S's regular practice was to count hours worked in the wrong workweek. For instance, when Plaintiff Callahan worked sixty (60) hours in the first week of a new pay period and then twenty-four (24) hours in the second week of the same pay period, G4S moved twelve hours to the second pay period. Thus, G4S incorrectly made it appear as though Plaintiff Callahan had worked forty-eight (48) hours in the first week and thirty-six (36) hours in the second week of the pay period.

7. The effect of G4S's practice was that Plaintiff Callahan was not compensated at time and one half his regular rate for all overtime hours worked, in violation of the FLSA.

8. The decision by G4S to not to pay overtime compensation to Plaintiff Callahan was neither reasonable nor in good faith.

9. Plaintiff Callahan did not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiff Callahan seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA.

## II.
## PARTIES

11. Plaintiff Callahan worked for G4S as a Security Guard in Glen Rose, Texas during the relevant time period. Plaintiff Callahan did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

12. Defendant G4S is a foreign for-profit corporation licensed to and doing business in the State of Texas. Defendant G4S may be served through its registered agent for service: Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. Plaintiff Callahan has not entered into any arbitration agreement that would affect the Court's subject-matter jurisdiction.

15. This Court has general and specific personal jurisdiction over G4S because it purposely availed itself of the privilege of conducting activities within Texas; it has sufficient contacts with Texas in general and with respect to Plaintiff's claims; and exercising jurisdiction over it does not offend traditional notions of fair play and substantial justice.

16. Venue is proper pursuant to 29 U.S.C. § 1391(b) in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

17. Specifically, Plaintiff Callahan worked for G4S in Glen Rose, Texas, which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

18. G4S is a global security services company, employing over 800,000 people worldwide to provide security services to its business clients.[1]

19. Plaintiff Callahan worked as a security guard at the Glen Rose nuclear power plant (the "Power Plant") from approximately December of 2020 until December of 2021.

20. From March of 2016 until December of 2020, the security company Securitas Critical Infrastructure Services, Inc. held the contract for security at the Power Plant and was the employer for its security guards.

---

[1] https://www.g4s.com/who-we-are

21. From December of 2020 until December of 2021, G4S held the contract for security at the Power Plant and was the employer for its security guards, including Plaintiff Callahan.

22. In April of 2021, Allied Universal completed a stock acquisition of G4S. Through the purchase, G4S became (and remains) a subsidiary of Allied Universal.

23. In December of 2021, Allied Universal took over the contract for the Power Plant from G4S.

24. During the relevant time period, Plaintiff Callahan was assigned to work the nightshift from 7 p.m. to 7 a.m.

### G4S Paid Plaintiff Callahan Incorrectly

25. In December of 2020, G4S took over the contract for security at the Power Plant.

26. Upon its takeover, G4S changed the start and end of the workweek to begin on Monday at 7:00 a.m. (when the first day shift started) and to end on Monday at 6:59 a.m. (when the night shift ended).

27. Due to these changes, Plaintiff Callahan was scheduled to work twenty-four (24) hours in one week of a pay period and sixty (60) hours in other week of the same pay period.

28. Despite the reality of Plaintiff Callahan's work schedule, G4S paid a thirty-six, forty-eight (36/48) hour schedule rather than correctly calculate the hours worked in the week in which they were earned.

29. G4S counted the hours worked according to the day Plaintiff Callahan ended his shift. If Plaintiff Callahan was scheduled to work on a Tuesday and Wednesday, he began his shift Monday night until Tuesday morning and then Tuesday night until Wednesday morning.

30. For payment purposes, G4S would consider Plaintiff Callahan to have worked 12 hours on Tuesday and 12 hours on Wednesday.

31. As a result of G4S's calculations, Plaintiff Callahan regularly worked twenty (20) hours of overtime every two weeks but was only paid for approximately eight (8) hours of overtime work.

32. Plaintiff Callahan's coworker, Scotty Roberson, complained to G4S on multiple occasions that the night shift security guard's pay, including Plaintiff Callahan's pay, was being incorrectly calculated.

33. Even though G4S was notified that Plaintiff Callahan's pay was incorrect, G4S failed to correct his pay.

34. After Allied Universal became the security guard's employer at the Power Plant in December of 2021, it changed the workweek to run from Sunday 7:00 a.m. until the following Sunday at 6:59 a.m.

35. Based on the schedules set by G4S, Plaintiff Callahan worked over forty (40) hours every other workweek in which he performed services for G4S.

36. G4S did not pay Plaintiff Callahan the correct amount of overtime compensation required by the FLSA for all hours worked in excess of forty (40) in a workweek.

37. G4S knew they were not compensating Plaintiff Callahan for the proper amount of overtime compensation in violation of the FLSA because Plaintiff Callahan's coworker informed G4S on multiple occasions that they were failing to calculate the night shift's payable overtime hours correctly.

38. G4S knew or should have known that its failure to pay overtime to Plaintiff Callahan would cause and did cause financial injury to Plaintiff Callahan.

39. Because G4S knowingly failed to compensate Plaintiff Callahan time and a half for all hours worked in excess of forty (40) in a workweek, G4S's pay policies and practices willfully violate the FLSA.

## V.
## CAUSE OF ACTION

A.   **FLSA COVERAGE**

40.   All previous paragraphs are incorporated as though fully set forth herein.

41.   At all material times, G4S was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42.   At all material times, G4S was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

43.   At all material times, G4S has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

44.   During the respective periods of Plaintiff's employment by G4S, he provided services for G4S that involved interstate commerce for purposes of the FLSA.

45.   In performing work for G4S, Plaintiff Callahan was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46.   Specifically, Plaintiff Callahan was a non-exempt employee who worked for G4S and was engaged in commercial services that were directly essential to the providing of goods and services by G4S to their customers. 29 U.S.C. § 203(j).

47.   At all material times, Plaintiff Callahan was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

48. In violating the FLSA, G4S acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. G4S violated provisions of §§ 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

51. Plaintiff Callahan has suffered damages and continue to suffer damages as a result of G4S acts or omissions as described herein; though G4S is in possession and control of necessary documents and information from which Plaintiff Callahan would be able to precisely calculate damages.

52. Moreover, G4S knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff Callahan overtime compensation. 29 U.S.C. § 255(a).

53. G4S knew or should have known its pay practices were in violation of the FLSA.

54. G4S is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff Callahan, on the other hand, is an unsophisticated employee who trusted G4S to pay overtime in accordance with the law.

56. The decision and practice by G4S to not pay overtime was neither reasonable nor in good faith.

57. Accordingly, Plaintiff Callahan is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## V.
## RELIEF SOUGHT

58. Plaintiff Callahan respectfully prays for judgment against G4S as follows:

    a. For an Order pursuant to § 16(b) of the FLSA finding G4S liable for unpaid back wages due to Plaintiff Callahan, for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Callahan;

    b. For an Order awarding the costs and expenses of this action;

    c. For an Order awarding attorneys' fees;

    d. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    e. For an Order compelling the accounting of the books and records of G4S, at G4S's own expense (should discovery prove inadequate);

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 15, 2022　　　　　　　　Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:　/s/ *Clif Alexander*
　　**Clif Alexander**
　　Texas Bar No. 24064805
　　clif@a2xlaw.com
　　**Austin W. Anderson**
　　Texas Bar No. 24045189
　　austin@a2xlaw.com
　　**Lauren E. Braddy**
　　Texas Bar No. 24071993
　　lauren@a2xlaw.com

> **Alan Clifton Gordon**
> Texas Bar No. 00793838
> cgordon@a2xlaw.com
> **Carter T. Hastings**
> Texas Bar No. 24101879
> carter@a2xlaw.com
> 819 N. Upper Broadway
> Corpus Christi, Texas 78401
> Telephone: (361) 452-1279
> Facsimile: (361) 452-1284
>
> *Attorneys for Plaintiff*